CASANUEVA, Chief Judge,
Specially concurring.
Frederick Smith appeals the order denying his petition for rule nisi, seeking to enforce a workers’ compensation order. Within the petition Mr. Smith also sought attorney’s fees. Our review is de novo. Sanders v. City of Orlando, 997 So.2d 1089 (Fla.2008).

Facts

The meager record indicates that on September 5, 2007, the parties entered into a mediation agreement that required AMS Staff Leasing and Aspen Administrators (combined, the Employer) to provide Mr. Smith with certain benefits, including the services of a pain management physician. On October 9, 2007, a Judge of Compensation Claims ordered the parties to comply with the mediation agreement.
Mr. Smith subsequently filed a petition for rule nisi in the circuit court pursuant to section 440.24, Florida Statutes (2007). He sought compliance with the prior compensation order, claiming that the Employer had not yet provided the pain management services. He also sought costs, interest penalties, and attorney’s fees as provided by chapter 440. The circuit court held a hearing on November 9, 2007, and granted the petition. The employer sought rehearing, asserting that through understandable confusion its attorney did not appear on November 9. The circuit court granted the motion for rehearing and scheduled a new rule nisi show cause hearing for April 9, 2008.
On November 30, 2007, the Employer filed a response to Mr. Smith’s petition for rule nisi. The Employer stated that despite its continuing good faith attempts it had not yet been able to locate and procure the required pain management specialist. The Employer claimed that it had kept Mr. Smith informed while it persisted in its attempts to comply with the compensation order. The circuit court held the second hearing on April 9, 2008, and denied the petition without any written factual findings. The circuit court made no specific mention of Mr. Smith’s request for attorney’s fees and costs.

Analysis

Mr. Smith claims the trial court erred in denying his petition for rule nisi and request for attorney's fees and costs because it relied upon the Employer’s justification defense. The record does not contain a copy of the transcript from the April 9, 2008, hearing, and Mr. Smith states that none exists. The only documentation within the record that suggests each party’s posture is their pleadings. Without the transcript, this court cannot determine whether the parties presented evidence at the hearing and what that evidence was. More importantly, this court cannot determine the basis for the circuit court’s order. The record is simply insufficient to support Mr. Smith’s argument.
Moreover, I concur with the majority in affirming the denial of the petition for rule nisi on the merits as well, assuming the parties presented evidence to the circuit court which coincides with their pleadings. Section 440.24(1) states:
In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other *1144 failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the department or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and, unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims.
In its brief, the Employer claimed to have started providing pain management services to Mr. Smith on December 10, 2007. This is long after the compensation court rendered its order but months before the circuit court held the second hearing on Mr. Smith’s petition. Because the Employer was in compliance by the date of the hearing, there was no need for “a writ of execution or such other process or final order” because none was “necessary to enforce the terms of such order of the judge of compensation claims.” Id. Consequently, the circuit court correctly declined to enter an enforcement order if such were the facts before it.
However, I do not think this resolution answers Mr. Smith’s request for attorney’s fees and costs. Under section 440.34(3) and (3)(d), costs and attorney’s fees shall be taxed and awarded to the claimant if he “successfully prevails in proceedings filed under [section] 440.24.” The plain language of this statute suggests that Mr. Smith, who did not technically “prevail” because he did not successfully obtain relief from the circuit court, would not be entitled to such awards.
Such reasoning could permit an employer in similar circumstances to willfully ignore a compensation claim order until the claimant brought a petition for rule nisi in the circuit court or immediately prior to the hearing on the petition. Once that employer complied the petition would be moot, and the employer would arguably escape responsibility for costs and fees.
This scenario would be contrary to the legislative intent manifested in the statutory framework of workers’ compensation. Section 440.015 states: “It is the intent of the Legislature that the Workers’ Compensation Law be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer.” An employer would suffer no negative consequences for delaying compliance with a compensation order until the last possible moment, even though the claimant’s petition for rule nisi — and the associated costs and fees he incurred — may have been the direct cause of the employer’s compliance.
Generally, these circumstances should require an evidentiary hearing on costs and fees to establish whether the responding party sought to and complied with the compensation order. It may well be that, despite ongoing efforts, a physician was impossible to retain. Good-faith efforts should preclude an award of fees and costs. Conversely, where no efforts were undertaken, it is my view that an award of costs and attorney’s fees would be appropriate. Each case would require the circuit court to conduct a fact-intensive analysis and make specific findings of fact to support its order and facilitate appellate review. However, because the record in this case does not indicate what oc *1145 curred — or did not occur- — in the proceedings below, I concur.